UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| DILIPKUMAR PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:26-CV-00134-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| U.S. CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Defendants U.S. Citizenship and Immigration Services and Joseph B. Edlow's Motion for Extension of Time and to Accept Late Filing. [R. 11]. In their motion, Defendants ask the Court to accept the late filing of their attached Motion to Dismiss Amended Complaint, [R. 11-1], that was filed five days after it was due. [R. 11]. Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether excusable neglect has been established, courts consider five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir.2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Under factors (1) and (2), Defendants argue that there is no danger of prejudice and that the inadvertent delay of only five days poses no meaningful delay in the judicial proceedings. [R. 11, p. 3]. For factors (3) and (4), Defendants acknowledge that the delay was solely within

their control but explain that the reason for the delay was an inadvertent mistake in calendaring the due date. *Id.* For factor (5), Defendants assert that they acted in good faith, as demonstrated by their prompt filing of this motion on the same day that the mistake was brought to their attention. *Id.* at 1, 3.

Plaintiff responded in opposition to Defendants' motion for extension of time. [R. 12]. For factor (1), Plaintiff argues that he has suffered prejudice because "[e]ach day that passes without USCIS' adjudication of Plaintiff's BFD and EAD cause Plaintiff prejudice." *Id.* at 3. For factor (2), Plaintiff argues that "although a delay of five days may not jump off the paper, given the totality of the circumstances surrounding this case, any procedural delay is unjustifiable." *Id.* For factors (3) and (4), Plaintiff notes that the cause of delay was only within the control of Defendants and that failing to diligently observe deadlines is not a compelling reason for delay. *Id.* at 3–4. Lastly, under factor (5), although Plaintiff alleges no bad faith accusations against the attorneys, *id.* at 3 n.2, Plaintiff argues that Defendants' conduct during litigation of this case "warrants closer examination by this Court," *id.* at 3–4.

The Court has reviewed the parties' arguments and agrees with Defendants. The Court admonishes Defendants to strictly comply with future deadlines in this case to prevent any further unwarranted delays. Ultimately, however, the short delay of five days for the late filing paired with the prompt correction and lack of compelling evidence of bad faith in the delay persuades the Court that granting the requested extension is warranted. *See also Peach v. Hagerman*, 2024 WL 1748443 *2 (W.D.Ky. April 23, 2024) ("An attorney's 'failure to place the deadline for responding on his calendar,' may be excusable neglect where there is 'no prejudice to the opposing party or efficient judicial administration.'" (quoting *Howard v. Nationwide Property and Casualty Insurance Co.*, 306 Fed. Appx. 265, 267 (6th Cir. 2009))). The Court will therefore grant

Defendants' motion for extension of time, deem the attached motion to dismiss as timely filed, and order the responsive briefing deadline under the local rules to be relative to today's date.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendants U.S. Citizenship and Immigration Services and Joseph B. Edlow's Motion for Extension of Time and to Accept Late Filing, [**R. 11**], is **GRANTED**. The Motion to Dismiss, [**R. 11-1**], **SHALL** be deemed timely filed.

2. The Clerk of Court is **DIRECTED** to file Defendants' Motion to Dismiss Amended Complaint, [**R. 11-1**], into the record with the date of July 1, 2026.

3. **By no later than Wednesday, July 22, 2026**, Plaintiff **SHALL** file his response to Defendants' Motion to Dismiss. Defendants' reply will be due in accordance with Local Civil Rule 7.1(c).

This the 1st day of July, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record